Mr. Chief Justice Johnson delivered the opinion of the Court. The question to be decided is, whether the Circuit Court erred or not in affirming the judgment of the Probate Court. The plaintiff assigned several causes of error, each of which we will proceed to examine in the order there stated. The first act of the Court of which he complains is, its refusal to admit the testimony of David J. Knight. The point attempted to be reserved, in relation to the testimony of this witness, is not now before this Court, as it appears from the record that it was subsequently received and went to the jury without objection. The second assignment is, that the Court erred in refusing to permit the original entries of charges against George Chandler, that were made by Isaac Tucker, upon the plaintiff’s books of accounts, to be read to the jury as evidence. The Supreme Court of the State of New York, in the case of Vosburgh vs. Thayer, 12 John. 461, 462, after admitting that such evidence had been received in the courts of that State, by the force of usage and necessity, held the following language: “ The admission of books of account in evidence, under proper limitations and restrictions, is not calculated to excite alarm or to produce injurious consequences. They are not evidence of money lent. This was so held in Case vs. Polter, because such transactions are not, in the usual course of business, matter of account. They are not evidence in the case of a single charge, because there exists in such case no regular dealing between the parties. They ought not to be admitted where there are several charges, unless a foundation is first laidfor their admission by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are account books of the party, and that he keeps fair and honest accounts, and this by those who have dealt and settled with him. "Linder these restrictions, from the necessity of the case and the consideration that the party debited is shown to have reposed confidence by dealing with, and being intrusted by the other party, they are evidence for the consideration of a jury.” The case of Pitman vs. Maddox, (2 Salk.) was assumpsit for a tailor’s bill. In that case, Holt, C J., allowed a shop book as evidence, it being proved that -the clerk who made the entries was dead and those entries were in his hand-writing. He said it was as good evidence as the proof of a witness’ handwriting to an obligation; but he held that such shop book was not of itself evidence for the party in whose favor the entries were made. So, in the case of Price vs. Forrington, (1 Salk. 285,) the same rule was maintained. See, also, Lewis vs. Norton, 1 Wash. 76. The Supreme Court of New York, in the case of Merrill vs. The Ithaca and Oswego Rail Road Co., when speaking of the admissibility of original entries in books of account, said: “As far as our cases have gone, they confine the excuse for the non-production to the death of the witness, though Massachusetts has received permanent insanity as an equivalent, (Union Bank vs. Knapp, 3 Pick. 96;) and South Carolina, a permanent absence from the State, (Elems vs. Chenes, 2 McCord 350. Lunno vs. Rogers, 1 Bay 480.)” We have referred to these authorities only for the purpose of showing to what extent the rule contended for in this case has been carried in other States of our Union. The facts of the case at bar not being such as to bring it within the principle there asserted, we are not under the necessity nor do we design to express any opinion as to its applicability to our system of jurisprudence. The evidence is, that Tucker, whose hand-writing it is proposed to prove in order to introduce entries made by him, had been absent from the State and resident in Philadelphia for a considerable time. The point to be determined here, is, whether the entries made by Tucker, even upon the supposition that his death had been shown, could have been received in evidence. In order to admit entries made even by a deceased party, it must appear at least that he would have been a competent witness to testify between the parties in case that he had been living. This is putting the case in the strongest possible light for the plaintiff, as it is not pretended that he was dead at the time of the trial, and all that was urged or proven was that he was a non-resident of the State. It is clearly shown, by the testimony of Williams and Lyon, that the plaintiff, and Isaac Tucker, the absent witness, during a portion of the time that the account was accruing', held themselves out to the world as partners. But this circumstance is attempted to be rebutted and overthrown by a showing, on the part of the plaintiff, that Tucker, in reality, never received any part of the profits or sustained any of the losses incurred by the firm. They who hold themselves out to the world as partners in business or trade are to be so regarded quoad creditors and third persons; and the partnership may be established by any evidence showing that they so hold themselves out to the public, and were so regarded by the trading community. (See Olmstead vs. Hill, 2 Ark. Rep. 354.) It is apparent, therefore, that, under no aspect of the case, could Tucker have been introduced as a witness to establish that part of the account, and consequently there can be no question as to the correctness of the ruling of the Court in relation to that point. The substance of the other assignments consists in the refusal of the Court to admit the original- entries made by Tucker, and also those made by the plaintiff himself, although he offered to verify them by his oath in open Court. The question in regard to the admissibility of Tucker’s testimony, has already been settled; it is, therefore, no longer in the case. Lord Ellenborough, in Doe vs. Robso, (15 East’s Rep. 32,) puts the reception of evidence of this character on the [ground of the total absence of interest in the person making the entry to pervert the fact and at the same time a competency in him to know it. In respect to the admissibility of the original entries made by the plaintiff himself, and which he proposed to fortify by his oath, the remarks of the Supreme Court of Alabama, by CollieR, C.J., in the case of Holley vs. Holmes, are peculiarly appropriate and directly in point. He stated as follows: “In Moore vs. Andrews & Brothers, (5 Porter R. 107,) it was held that the admissibility of books of account as evidence was not provided for in this State by statute, and consequently depended upon the common law. This being the case, it may be safely affirmed that entries made by a tradesman himself, stating the delivery-of goods, are not evidence in his favor. (1 Phil. Ev. 266. 2 ibid C. & H.'s notes 691.) The law cannot be admitted to be otherwise without disregarding a very salutary maxim, nemo debet esse testis in propria causa; and this, too, when the departure from a general rule is not demanded by the necessity of the case. If a party has a good cause of action, he may call upon his adversary for a discovery if he has no other means of establishing it; but he cannot entitle himself to a judgment by the proof of his own admissions made either orally or in writing. That such would have been the effect of the admission of the evidence that was rejected, it requires no reasoning to show. We are aware that, in most of the States, the party’s books of original entries may be adduced as evidence; but this right is given by statutes which determine their influence and prescribe what suppletory proof is necessary. (2 Phil. Ev., C. & H.'s notes 682.) No such statute being in force here, it follows, from what we have said, that the judgment of the Circuit Court must be affirmed.” The ground there taken is conclusive against the introduction of original entries, where the defendant is living at the time of the trial. This being a suit against an administrator, and there being no possibility of having a discovery from the party sought to be charged, the rule might be varied so as to correspond with the facts of the case. If it had appeared in evidence that the plaintiff had no clerks, or that all his clerks, who were with him during the time the account accrued, were dead, it would then be necessary to discuss the question whether, upon a proper showing, the original entries made by himself could not be submitted to a jury. This, however, is not necessary, as it is in proof that Shaw was acting as his clerk during the whole time, and that he was in full life and actually testified upon the trial of the cause. No error, therefore, is perceived as against the plaintiff in excluding any part of the evidence offered by him during the progress of the trial. We have looked into the credits entered in favor of the defendant, and also made a deduction for the difference between current money and Arkansas paper, down to the time specified by the witness, and, from the best lights upon the matter, it would seem that the sum found due by the jury is as much as would remain of the amount as established by the witness Shaw. The residue was not sustained by proof, and, consequently, cannot be taken into the account. Upon a full and careful review of the whole case, we have not been able to discover any error as against the plaintiff. The judgment of the Circuit Court of Independence county herein rendered, is, therefore, in all things, affirmed. The appellant filed a petition for reconsideration, which was overruled.